1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

| | | |
|---|---|---|
| TED J. GRIMES, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO.    C05-462JLR |
| | ) | |
| v. | ) | |
| | ) | |
| ALICE PAYNE, | ) | REPORT & RECOMMENDATION |
| | ) | |
| Respondent | ) | |
| | ) | |

16

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Ted Grimes is a state prisoner who is currently incarcerated at the McNeil Island Corrections Center in Steilacoom, Washington.  He has filed a petition under 28 U.S.C. § 2254 to seek relief from the sentence imposed following his 1999 King County Superior Court convictions on theft charges.  Respondent has filed an answer to the petition together with relevant portions of the state court record.  Petitioner has filed a traverse to respondent's answer.  The briefing is now complete and this matter is ripe for review.  Following a careful review of the record, this Court concludes that petitioner's § 2254 petition should be denied and this action should be dismissed, without prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## PROCEDURAL HISTORY

On July 7, 1999, petitioner was found guilty, following a jury trial, on seven counts of theft in the first degree and one count of theft in the second degree.  (Dkt. No. 15, Ex. 1; *see also*, Dkt. No. 4 at 1.)  On September 10, 1999, petitioner was sentenced to an exceptional term of 60 months confinement.  (*See id.*)  On September 24, 1999, petitioner's counsel filed a notice of appeal.  (*Id.*, Ex. 2.)  In his opening brief in the Court of Appeals, petitioner, through counsel, presented the following issues for review:

> 1.  Whether there was sufficient evidence presented from which the jury could conclude Grimes was guilty beyond a reasonable doubt of theft in the first degree, where the evidence showed Grimes acted according to the terms of his contractual agreements which provided only that he transfer §1031 proceeds as necessary to effectuate real estate exchanges?  (Assignment of Error 1)

> 2.  Whether the State was preempted from prosecuting Grimes under federal law?  (Assignment of Error 2)

> 3.  Whether Grimes was denied his right to a fair trial where the trial court added superfluous and prejudicial language to Grimes' good faith claim of title defense, Instruction 38?  (Assignment of Error 3)

> 4.  Whether Grimes was denied his right to a fair trial where the trial court obscured the distinction between escrow accounts and §1031 accounts in Instruction 20?  (Assignment of Error 4)

> 5.  Whether the trial court denied Grimes his right to a fair trial when it denied his proposed instruction relating to §1031 proceeds becoming assets of the qualified intermediary, Supp. CR __, Sub No. 51 (Defendant's Proposed Jury Instructions, filed June 7, 1999)?  (Assignment of Error 5)

> 6.  Whether the evidence presented at restitution establishes a causal connection between Grimes' acts and the victims' losses where the evidence arose out of bankruptcy court and it is not apparent from the record that Grimes had the opportunity to object to any of the bankruptcy court orders?  (Assignment of Error 6)

> 7.  Whether Grimes was denied a fair evaluation of his restitution amount where some of the damages are attributable to the State and/or the victims' actions?  (Assignment of Error 6)

(*Id.*, Ex. 3 at 2-4.)

REPORT AND RECOMMENDATION
PAGE - 2

1    Petitioner also filed a pro se brief in the Court of Appeals in which he presented one additional

2  issue for review:

3         Whether Grimes was denied his right to a fair trial when the trial court removed his
          ability to conduct a defense which would demonstrate his lack of intent to commit
4         theft.

5  (Dkt. No. 15, Ex. 4 at 1.)

6    On February 19, 2002, the Court of Appeals issued an opinion, published in part, in which it

7  affirmed petitioner's convictions.  (*Id.*, Ex. 8.)  Petitioner thereafter filed a petition for review in the

8  Washington Supreme Court.  (*See id.*, Ex. 9.)  Petitioner presented the following three issues to the

9  Supreme Court for review:

10        1.    Did the Court of Appeals permit the State to violate the Supremacy
                Clause of Article VI of the United States Constitution, by failing to
11              recognize the inherent conflict between (a) a federal legislative scheme
                (26 U.S.C. § 1031) for the deferral of taxes on like-kind property
12              exchanges governed by IRS regulations which mandate that the
                taxpayer *give up all property rights* during the exchange period in order
13              to qualify for the tax deferral; and (b) a state court theft prosecution
                predicated upon state law recognition of *continued taxpayer property*
14              *rights* during the same exchange period?

15        2.    Did the Court of Appeals err in failing to recognize that state law
                relating to escrow is preempted by specific federal tax regulations that
16              permit § 1031 exchanges to be undertaken through the use of a
                "qualified escrow agent" as that term is defined in the IRS regulations,
17              thus violating Article VI of the United States Constitution?

18        3.    Was Petitioner deprived of this Fourteenth Amendment Due Process
                rights when he was convicted of theft without sufficient proof of the
19              element of exertion of unauthorized control over the § 1031 funds in his
                possession, based upon the erroneous belief that Petitioner was required
20              to place these funds in escrow accounts, when in fact Petitioner's
                unrestricted right to use these funds as he pleased was a mandatory
21              requirement of federal law?

22  (*Id.*, Ex. 9 at 1-2.)  On January 8, 2003, the Supreme Court issued an order denying review without

23  comment.  (*Id.*, Ex. 14.)  The Court of Appeals issued its mandate terminating direct review on

24  January 17, 2003.  (*Id.*, Ex. 15.)

25  REPORT AND RECOMMENDATION
26  PAGE - 3

1    On June 30, 2004, petitioner filed *pro se* a personal restraint petition in the Washington

2  Supreme Court.  (Dkt. No. 15, Ex. 16.)  In his personal restraint petition, petitioner asserted that the

3  sentencing court erred in imposing an exceptional sentence above the SRA maximum prescribed range

4  for his offenses "based on the trial courts' review of facts, which were not essential elements of the

5  State's charges, violating several key provisions of the United States Constitution."  (Dkt. No. 15, Ex.

6  16 at 3.)  On July 1, 2004, petitioner filed a motion for release from custody pending review of his

7  personal restraint petition.  (*Id.*, Ex. 17.)  Petitioner, through counsel, filed a renewed motion for

8  immediate release pending a decision in his case on September 20, 2004.  (*Id.*, Ex. 20.)

9    On September 27, 2004, the state filed a motion to stay consideration of petitioner's personal

10 restraint petition pending the Washington Supreme Court's decision in *In re: Personal Restraint of*

11 *Swenson*.  (*Id.*, Ex. 22.)  Petitioner thereafter filed a brief in opposition to the state's motion to stay

12 and a cross motion to consolidate his case with *Swenson*.  (*Id.*, Ex. 23.)  On November 18, 2004, the

13 Supreme Court Commissioner issued a ruling in which he denied petitioner's motion to consolidate,

14 granted the state's motion to stay, and denied petitioner's motion for release pending resolution of his

15 personal restraint petition.  (*Id.*, Ex. 25.)  Petitioner's subsequent motion to modify the

16 Commissioner's ruling was denied on February 1, 2005.

17    On March 22, 2005, petitioner filed the instant petition for writ of habeas corpus under 28

18 U.S.C. § 2254.  (Dkt. No. 4.)  The petition was ordered served on respondent and respondent was

19 directed to file a response to the petition within 45 days.  (Dkt. No. 5.)  On April 22, 2005, petitioner

20 filed a motion for release pending review of his federal habeas petition.  (Dkt. No. 10.)  Respondent

21 opposed petitioner's motion and, on May 17, 2005, this Court issued an Order denying petitioner's

22 motion for release.  As noted above, respondent has filed an answer to petitioner's petition and this

23 matter is now ripe for review.

24

25
REPORT AND RECOMMENDATION

26 PAGE - 4

GROUNDS FOR RELIEF

Petitioner presents the following ground for relief in his federal habeas petition:

Ground one:  Loss of Liberty by refusing my release on Personal Recognizance or bail under Court Rule RAP 16.15, the State is in violation of my 5th, 6th and 14th Amendment rights.

(Dkt. No. 4 at 5.)

Petitioner offers the following facts in support of his single ground for relief:

I was given an exceptional sentence above the standard SRA range for my convictions, AFTER a jury trial, by a judge using uncharged aggravating factors and using the "by a preponderance of the evidence" standard instead of "beyond a reasonable doubt.'  My case was final on direct review in January, 2003, well after APPRENDI and just like BLAKELY.  I completed serving the maximum sentence of my standard range on May 25, 2004.  The State continually refuses my release.

(*Id.*)

DISCUSSION

Respondent first argues in her answer to the petition that petitioner's claim that the Washington Supreme Court erred when it denied his motion for release from custody is not a cognizable ground for federal habeas relief.  Respondent further appears to argue that, to the extent petitioner's petition can be interpreted as presenting a constitutional challenge to his exceptional sentence, the claim is unexhausted because his challenge to his sentence is still pending in the state courts.  Finally, respondent appears to argue that petitioner is unlikely to prevail on the merits of his federal habeas claim because he fails to present any published federal case law demonstrating that the rule announced by the United States Supreme Court in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), has been applied retroactively to cases on collateral review.

Petitioner, in his traverse to respondent's answer, asserts that the state misinterprets the issue presented in his federal habeas petition and that his sole federal habeas claim is as follows:

[T]hat he is currently being held on an exceptional sentence above the SRA maximum for his crime(s) of conviction where the aggravating factors justifying said sentence were not listed as a element of any crime; are not express statutory bases for a greater

REPORT AND RECOMMENDATION
PAGE - 5

1    penalty; are not described in the information or proved before a jury; and are based on
     a judges determination, by a preponderance of the evidence, that those factors existed,
2    in violation of the U.S. Supreme Courts' holding in <u>Apprendi v. New Jersey</u>, 530 U.S.
     466 (2000) and reaffirmed in <u>Blakely v. Washington</u>, 159 L.Ed.2d 403 (2004) and
3    Grimes seeks habeas relief as he has already served more time than the SRA maximum
     sentence for his crime(s) of conviction.

4
(Dkt. No. 17 at 3.)
5
          Petitioner then argues that because he is only challenging the exceptional portion of his
6
sentence, and because he has already served more than the maximum of his allowable standard range
7
sentence, the state process is ineffective to protect his rights and, thus, the exhaustion requirement
8
should be excused under the circumstances of his case.
9
          The Court begins with petitioner's contention that respondent misconstrued the claim
10
presented by petitioner in his federal habeas petition.  A review of the petition, and of the supporting
11
documents provided by petitioner, satisfies this Court that petitioner's original intent was, in fact, to
12
challenge the Washington Supreme Court's refusal to grant his release from custody pending
13
disposition of his personal restraint petition.  Petitioner's recent re-characterization of his claim is
14
likely attributable to the fact that this Court has already once concluded, in its Order denying petitioner
15
release from custody, that petitioner's challenge to the Washington Supreme Court's refusal to grant
16
him release from custody pursuant to a state procedural rule did not present a cognizable claim for
17
federal habeas relief.
18
          Even assuming that respondent and the Court did previously misconstrue petitioner's claim,
19
and that petitioner actually did intend to present a constitutional challenge to his exceptional sentence,
20
this federal habeas action cannot proceed at the present time.  The United States Supreme Court has
21
made clear that state remedies must first be exhausted on all issues raised in a federal habeas corpus
22
petition.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. §2254(b), (c).  Exhaustion must be shown
23
either by providing the highest state court with the opportunity to rule on the merits of the claim or by
24
showing that no state remedy remains available.  *Johnson v.  Zenon*, 88 F.3d 828, 829 (9th Cir.
25
REPORT AND RECOMMENDATION
26   PAGE - 6

1   1996)(citations omitted).  The exhaustion requirement is a matter of comity, intended to afford the

2   state courts "the first opportunity to remedy a constitutional violation."  *Sweet v. Cupp*, 640 F.2d 233,

3   236 (9th Cir. 1981).  A federal habeas petitioner must provide the state courts with a fair opportunity

4   to apply controlling legal principles to the facts bearing on his constitutional claim.  *Picard v. Connor*,

5   404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982).

6           Petitioner argues that under the circumstances of his case the state process is ineffective to

7   protect his rights and that this Court therefore need not defer to the state judicial process.  Petitioner

8   maintains that every day he serves in custody while awaiting a decision in his case is a day in excess of

9   the standard range for his offense and therefore constitutes illegal confinement.  Petitioner goes so far

10  as to assert that the prosecutor handling his personal restraint petition, along with the Assistant

11  Attorney General handling this case, the Washington Supreme Court Commissioner, and the

12  Washington Supreme Court Justices are intentionally "slow-walking" the process in order to delay as

13  long as possible the lawful release of those held under exceptional sentences.

14          The Ninth Circuit has recognized that unreasonable or extraordinary delay in the state courts

15  can render the state corrective process "ineffective" within the meaning of § 2254(b) and that

16  exhaustion may be excused in such cases.  *See Phillips v. Vasquez*, 56 F.3d 1030, 1035 (9th Cir. 1995).

17  However, petitioner has not satisfied this Court that exhaustion should be excused in this case.

18          Petitioner's personal restraint petition presents a challenge to his exceptional sentence under

19  *Blakely v. Washington*, 124 S. Ct. 2531 (2004).  Petitioner's case is currently stayed pending a

20  decision by the Washington Supreme Court in another case raising similar issues.  The underlying case

21  has now been decided.  *See State v. Evans*, 2005 WL 1403921 (Wash. June 16, 2005).  It thus seems

22  likely that the stay will soon be lifted in petitioner's personal restraint proceedings and a

23

24

25

26  REPORT AND RECOMMENDATION
    PAGE - 7

1   decision will be rendered.  Under these circumstances this Court sees no reason to excuse the

2   exhaustion requirement.

3                                        CONCLUSION

4          For the foregoing reasons, this Court recommends that petitioner's federal habeas petition be

5   denied and that this action be dismissed without prejudice.  A proposed order accompanies this Report

6   and Recommendation.

7          DATED this 27th day of June, 2005.

8

9          _____

10         JAMES P. DONOHUE
           United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION
26  PAGE - 8